IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES of AMERICA,**       )
                                    )
        **Plaintiff,**           )
                                    )
vs.                                 )       Case No.   14-cr-30109-NJR-3
                                    )
**WALTER GARDNER, JR.,**            )
                                    )
        **Defendant.**           )

## ORDER

**PROUD, Magistrate Judge:**

This matter is now before the court on the Government's *Ex Parte* Motion to Revoke Bond, **Doc. 184**.

After entering a guilty plea, defendant Walter Gardner was released on bond on April 29, 2015. See, Doc. 146.  The conditions of his release required him to submit to drug testing and participate in an outpatient substance abuse treatment program.

18 U.S.C. § 3148 mandates that an order of revocation and detention be entered if the Court:

> (1) finds that there is–
>   (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release;   or
>   (B) clear and convincing evidence that the person has violated any other condition of release;   and
> (2) finds that–
>   (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community;   or
>   (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.   If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.   **18 U.S.C. § 3148(b).**

Possession of cocaine is both a state and federal crime per **720 ILCS 570** and **21 U.S.C. §844**. At a hearing on June 29, 2015, the Government proceeded by way of proffer and introduced evidence that the defendant was in possession of cocaine on June 1, 2015. Based on the evidence provided, the Court finds probable cause that the defendant was in possession of cocaine and violated both state and federal law. Additionally, the Court finds by clear and convincing evidence that defendant violated the terms of his bond when he tested positive for cocaine on June 1, 2015.

The Court finds that it is highly unlikely that defendant would abide by any condition or combination of conditions of release which could be devised. The Court notes that this is the second time defendant has tested positive for cocaine while on bond.

**IT IS THEREFORE ORDERED** that the Government's *Ex Parte* Motion to

Revoke Bond, **Doc. 184** is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendant, Walter Gardner, be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with his counsel; and, that, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceedings.

**IT IS SO ORDERED.**

**DATED:** June 29, 2015.

s/ Clifford J. Proud  
**CLIFFORD J. PROUD**  
**UNITED STATES MAGISTRATE JUDGE**
